# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **RAY BONNER,** | **CASE NO.  1:25 CV 2376** |
| **Plaintiff,** | |
| **v.** | **JUDGE DONALD C. NUGENT** |
| **HSBC BANK USA,** | |
| **NATIONAL ASSOCIATION, et. al.,** | **MEMORANDUM OPINION** |
| **Defendants.** | **AND ORDER** |

## I. Introduction

On September 30, 2025, Ray Bonner filed a civil complaint in the Cuyahoga County Court of Common Pleas, Case No. CV-25-125534, against HSBC Bank USA, National Association ("HSBC") and Altisource Portfolio Solutions, Inc. ("Altisource") alleging fraud, breach of contract, tortious interference with a business relationship, and antitrust violations. (*See* Doc. No. 1-2). On November 4, 2025, Altisource filed a notice of removal of the state action, alleging diversity of citizenship, to which HSBC consented. (Doc. No. 1).  Defendants then filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*See* Doc. Nos. 7 and 8).

Thereafter, Ray Bonner, filing *pro se*, sought leave to amend the initial complaint. (Doc. No. 12). In the amended complaint, Plaintiff alleged promissory estoppel, tortious interference with "prospective economic advantage," and fraudulent misrepresentation. (*Id.*). The Court grants Bonner's motion and considers Plaintiff's first amended complaint as the operative complaint in this action.

Additionally, Plaintiff addresses the defendants' motions to dismiss in his motion for leave to file an amended complaint. He concedes that the motions to dismiss "have merit" that is "due mostly to the extensive evidence that issue preclusion fatally harms the Plaintiff's complaint." (*Id.* at 1). He contends, however, that "no court at the state or local level has adjudicated the issues presented in the proposed First Amended Complaint which involve the Defendants' actions which prevented the Agreement from being consummate." (*Id.*). He further asserts that although Defendants are "correct in their argument that the conditions precedent to a valid contract never came into existence," he files this motion for leave to file an amended complaint "to bring the 'why' behind that fact, which gives rise to valid claims under well-established Ohio law." (*Id.*). The Court therefore also construes Plaintiff's motion as a response to Defendants' motions to dismiss.

## II. Background

Bonner's complaint stems from foreclosure proceedings involving property located on Orange Village. (Doc. No. 12-1). Bonner alleges that HSBC issued a "written settlement communication" in 2022 offering to resolve the foreclosure dispute concerning the Orange Village property for payment of $280,000. Attached to Bonner's complaint is an unsigned Settlement Agreement identifying the borrower, Anderson Banks, and HSBC as Trustee for

Deutsche Alt-A-Securities, Inc. Mortgage Loan Trust, Series 2006-AR5 Mortgage Pass-Through Certificates. (*Id.* at 24). Bonner alleges that the borrower, Banks, assigned his rights to the "settlement communication" to Bonner, and he attached to the complaint a copy of the Assignment. (*See id.* at 34).

Bonner contends that when he attempted to pay the $280,000 as stated in the settlement communication, Defendants, through Altisource, "refused to accept the funds unless additional amounts were paid." and these additional amounts were not included in the settlement communication. (*Id.* at 4). Following the defendants' refusal to accept Bonner's $280,000 payment without the additional amounts, Defendants initiated foreclosure and eviction proceedings. Bonner states that HSBC did not repudiate Altisource's refusal to accept the payment nor its continued foreclosure proceedings.

The state court docket indicates that HSBC initiated foreclosure proceedings against Anderson Banks in December 2015. *See HSBC Bank v. Banks, et al.*, No. CV-15-856169 (Cuy. Cty. C.P. filed Dec. 22, 2015). Following unsuccessful settlement negotiations, the sheriff's sale took place on December 6, 2021, and the trial court confirmed the sale on February 1, 2022. *See HSBC Bank v. Banks, et al.*, No. CV-15-856169; *HSBC Bank USA, N.A. v. Banks*, No. 111241, 2022 Ohio App. LEXIS 2893, * 3-4 (Ohio Ct. App. Sept. 1, 2022). Banks appealed the trial court's confirmation of the sale, and on September 1, 2022, the Eighth District Court of Appeals affirmed the trial court's judgment. *Id.* On September 27, 2024, Bonner, as Banks's son and assignee, filed a motion to intervene in the foreclosure action. The trial court denied Bonner's motion, stating that "this case had a final disposition on 1/31/17 by default judgment and there was no settlement agreement entered in this action." *HSBC Bank v. Banks, et al.*, No. CV-15-

856169. Bonner appealed the trial court's decision, which the court of appeals dismissed as moot. (*Id.*).

On August 26, 2024, HSBC filed eviction proceedings against Bonner as a holdover tenant of prior owner, Anderson Banks, in the Bedford Municipal Court. *See HSBC Bank v. Bonner*, No. 24CVG03701 (Bedford Mun. Ct. filed Aug. 26, 2024). On September 27, 2024, the trial court granted possession of the property to HSBC, and Bonner appealed. (*Id.*). In the eviction proceedings and on appeal, Bonner maintained that he is the assignee of a settlement agreement between former owner Banks and HSBC to purchase the Orange Village property from HSBC for $280,000 but that HSBC breached the agreement by adding terms after the agreement was final. *See HSBC Bank USA, N.A. v. Bonner*, No. 114612, 2025 Ohio App. LEXIS 2181, * 7 (Ohio Ct. App. June 26, 2025). The court of appeals affirmed the trial court's judgment that Bonner failed to prove the existence of a colorable claim to possession of the property under the settlement agreement, concluding that "the proffered agreement is unexecuted, undated, and lacks consideration" and "[t]here is no evidence that a valid contract exists between HSBC and Bonner." *Id.* at 21. Bonner states in his complaint that after the settlement process failed, he remained in possession of the property "for a period of time and lived rent-free." (Doc. No. 12-1 at 5). He contends, however, that once eviction proceedings commenced, he began to deposit $1,000 per month into escrow with the Bedford Municipal Court to maintain possession. (*Id.*).

Plaintiff alleges in this complaint that Defendants' actions in refusing to accept $280,000 without additional financial conditions constituted promissory estoppel, tortious interference with "prospective economic advantage," and fraudulent misrepresentation. He seeks a declaration that the 2022 settlement communication constituted a clear and definite promise for purposes of

promissory estoppel; Defendants may not rely upon nonperformance where they imposed additional financial conditions not contained in the settlement communication; and HSBC's agent ratified Altisource's conduct. Plaintiff also seeks monetary relief.

### III. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

In reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not

required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

### IV. Discussion

This case is barred by *res judicata*. The term "res judicata" literally means "a matter [already] judged." BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

The doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *See Hutcherson v. Lauderdale Cnty.*, 326 F.3d 747, 758 n.3 (6th Cir. 2003). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as

-6-

well as every theory of recovery that could have been presented. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). By contrast, issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually and necessarily determined by a court of competent jurisdiction in a prior action. *Smith v. Morgan*, 75 Fed. App'x. 505, 506-507 (6 th Cir. 2003) (citing *Montana*, 440 U.S. at 153-54).

This case is barred by both issue and claim preclusion. The existence of the purported settlement agreement, which Bonner also refers to as a "settlement communication," has been addressed repeatedly by the state courts. *See HSBC Bank USA, N.A. v. Banks*, No. 111241, 2022 Ohio App. LEXIS 2893, * 3-4 (affirming the confirmation of sale, stating "the parties' settlement efforts were unsuccessful"); *HSBC Bank v. Banks, et al.*, No. CV-15-856169 (denying Bonner's motion to intervene, finding "there was no settlement agreement entered in this action"); *HSBC Bank USA, N.A. v. Bonner*, No. 114612, 2025 Ohio App. LEXIS 2181, * 7 (affirming Bonner's eviction, concluding "the proffered agreement is unexecuted, undated, and lacks consideration" and "there is no evidence that a valid contract exists between HSBC and Bonner"). And Plaintiff was either a party to the prior state court actions or was in privity with a party to the action through the purported assignment between Bonner and Banks. Therefore, to the extent Plaintiff is attempting to argue his rights under the unexecuted settlement agreement, state courts have previously determined that no such settlement agreement existed. Res judicata bars him from asserting such claims in this action. Plaintiff concedes as much, stating "issue preclusion fatally harms the Plaintiff's complaint." (Doc. No. 12 at 1).

Additionally, to the extent Plaintiff contends that Defendants' actions prevented the agreement from being executed, res judicata bars him from asserting new claims to defeat a prior

judgment in this new action. *Gargallo*, 918 F.2d 658, 660 (6th Cir. 1990). These claims could have or should have been addressed in the state court actions. Such claims, therefore, are also barred by res judicata.

### V. Conclusion

Plaintiff's motion for leave to file an amended complaint (Doc. No. 12) is granted.

In light of the foregoing, Defendants' motions to dismiss (Doc. Nos. 7 and 8) are granted, and this action is dismissed. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

DONALD C. NUGENT
United States District Judge

DATED: February 25, 2026

-8-